## Abstract of the Decision.

1. BROKERS—*when broker entitled to commission although lease not carried out.* Where a contract between a car manufacturing company and a broker provided that the former would pay the broker as commission for leasing a certain number of cars the amount for which the cars were leased in excess of a certain amount per month, and the broker procured a lessor who agreed to pay a rental in excess of the amount charged by the company, the broker's commissions were earned when the cars were leased, and he was entitled to his compensation without regard to whether the lease was carried out.

2. ASSUMPSIT, ACTION OF, § 95*—*when judgment in action brought under common counts not reversed.* A judgment will not be reversed because the action was brought under the common counts, where it was brought for services rendered, and there was an affidavit of merits disclosing the nature of the claim, a plea of non-assumpsit in the affidavit of merits and no objection was made to the introduction of the evidence.

---

## George Ehrat, trading as George Ehrat & Company, Appellee, v. V. Marrone and R. Lofaro, trading as Marrone & Lofaro, Appellants.

### Gen. No. 23,140.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed November 30, 1917.

## Statement of the Case.

Bill by George Ehrat, trading as George Ehrat & Company, complainant, against V. Marrone and R. Lofaro, trading as Marrone & Lofaro, defendants, to restrain the enforcement of a claim against complain-

ant upon which suit had been begun in the Municipal Court of Chicago, in which it had been held that complainant's claim of set-off could not be entertained because of being for unliquidated damages growing out of another transaction. From a decree for complainant, defendants appeal.

JOHN C. BURCHARD, for appellants.

EDWARD J. KELLEY, for appellee.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. SALES—*what does not constitute waiver of buyer's claim against seller for unliquidated damages for injury to goods in transit.* The acceptance of goods by the buyer in ignorance of the fact that the seller had violated the buyer's instructions to take out insurance in his name does not constitute a waiver of the buyer's claim against the seller for unliquidated damages growing out of the injury to the goods in transit.

2. SALES, § 243*—*when implied warranty as to merchantibility of goods exists.* In sales of merchandise intended for resale, there is an implied warranty that the goods shall be merchantable.

3. SALES, § 387*—*what is remedy of purchaser upon breach of warranty of quality of goods.* Where there is an express or implied warranty of quality, the purchaser may receive the goods and recover the damages resulting from a breach of the warranty.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.